UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PRELYTIX, LLC, MARC LAPLANTE,
MICHAEL KELLY and SCOTT KELLY

               Plaintiffs,

v.

TECHTARGET, INC.,

               Defendant.

Civil Action No.:  1:13-cv-11699

## COMPLAINT

### Introduction

This matter arises out of Defendant TechTarget, Inc.'s ("TechTarget") threats to sue the Plaintiffs for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*., the Lanham Act, 15 U.S.C. §§ 1114 and 1125 and various state law claims.  Because those threats are utterly baseless, Plaintiffs have filed this action, pursuant to 28 U.S.C. §2201, seeking a declaratory judgment that they have not engaged in any unlawful conduct.

### Parties

1.     Plaintiff Prelytix, LLC ("Prelytix") is a Massachusetts corporation with a principle place of business located at 63 South Street, Suite 270, Hopkinton, Massachusetts. At the time of its formation, Prelytix was known as Project Strategy Group, LLC.

2.     Plaintiff Marc LaPlante ("Mr. LaPlante") is an individual residing in Mendon, Massachusetts.

3.      Plaintiff Michael Kelly ("M. Kelly") is an individual residing in Mendon, Massachusetts.

4.      Plaintiff Scott Kelly ("S. Kelly") is an individual residing in Brentwood, New Hampshire.

5.      Defendant TechTarget is, on information and belief, a Delaware corporation with a principle place of business located at 275 Grove Street, Newton, Massachusetts.

## Jurisdiction and Venue

6.      This court has subject matter jurisdiction over the dispute described in this Complaint pursuant to 28 U.S.C. § 1331, because it arises out of allegations that Plaintiffs have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*. and the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  This Court has supplemental jurisdiction over the claims that do not arise out of such statutes pursuant to 28 U.S.C. §1367.

7.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, TechTarget is a resident of the Commonwealth of Massachusetts.

## Factual Allegations

8.      TechTarget's business consists primarily of providing business to business lead generation to technology providers who are looking for targeted, qualified communities of buyers of their services.  TechTarget generates these leads by offering editorial content, as well as active online communities, and then analyzing the data on who views such content and participates in such communities.

9.      On or about October of 1999, M. Kelly joined TechTarget.  Over the next 13 years, M. Kelly worked in the area of sales and marketing for TechTarget.

10.     On or about February 1, 2000, Mr. LaPlante joined TechTarget.   Over the next 12 years, Mr. LaPlante also worked in the area of sales and marketing for TechTarget.

11.     In or about September 2000, S. Kelly (M. Kelly's brother), joined TechTarget. From that time until May of 2002, S. Kelly worked in sales and then managed recruitment for a then newly launched conference business.  S. Kelly left TechTarget in May of 2002 and returned in April of 2008.  In his second stint with the company S. Kelly oversaw product management and marketing, where he designed programs for customers, created new products and created marketing and promotional copy used to help sales reps sell TechTarget's products.

12.     On or about March 20, 2012, Mr. LaPlante's employment from TechTarget was terminated.

13.     Approximately six weeks after Mr. LaPlante's termination, M. Kelly also left the employment of TechTarget.

14.     In or about November of 2012, Mr. LaPlante and M. Kelly formed Project Strategy Group, LLC, which later changed its name to Prelytix.  To the extent that Prelytix's business has become competitive with TechTarget, such competition did not begin until more than six months after the dates on which both Mr. LaPlante and M. Kelly had ceased being employed by TechTarget.

15.     On or about January 4, 2013, S. Kelly's employment with TechTarget terminated.

16.     On or about March 20, 2013, Prelytix announced that it was going to be selling a new product to customers called "Project Indication Engine" ("PIE").  TechTarget has falsely claimed that PIE was created by using TechTarget's confidential, proprietary and trade secret information that Plaintiffs stole from Techtarget by, *inter alia*, accessing its computer system.  In fact, plaintiffs did not even create PIE.  Rather, PIE is owned by another company, and Prelytix

simply gave the name "PIE" to that product and obtained the  right to re-sell it pursuant to a re-seller agreement.

17.     TechTarget also has erroneously claimed that Prelytix has falsely and misleadingly compared PIE to a TechTarget product called "IT Deal Alert" ("ITDA").  In fact, nothing about Prelytix's comparative advertising is false or misleading.

## Claims

## Count I
**(Declaratory Judgment – Violation of Computer Fraud and Abuse Act)**

18.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

19.     TechTarget has threatened to sue Plaintiffs for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

20.     None of Plaintiffs have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

21.     A justiciable controversy exists between the parties with respect to whether Plaintiffs have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

22.     Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they have not violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

## Count II
**(Declaratory Judgment – Breaches of Contract by the Individual Plaintiffs Related to TechTarget's Confidential, Proprietary and Trade Secret Information)**

23.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

24.     TechTarget has threatened to sue the individual Plaintiffs for breaches of contract for violating their respective Employee Relationship Agreements, the TechTarget Code of Conduct, and the TechTarget Insider Trading Policy for the protection of business interests, including the protection of proprietary, confidential and trade secret information.

25.     To the extent that any of the individual Plaintiffs is contractually bound by any Employee Relationship Agreement, the TechTarget Code of Conduct, and/or the TechTarget Insider Trading Policy, none of them breached such contracts by failing to protect TechTarget's business interests, including the protection of proprietary, confidential and trade secret information.

26.     A justiciable controversy exists between the parties with respect to the whether the individual Plaintiffs are contractually bound by any Employee Relationship Agreements, the TechTarget Code of Conduct, and/or the TechTarget Insider Trading Policy, any of them breached such contracts by failing to protect TechTarget's business interests, including the protection of proprietary, confidential and trade secret information.

27.     The individual Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that to the extent that any of them is contractually bound by any Employee Relationship Agreements, the TechTarget Code of Conduct, and/or the TechTarget Insider Trading Policy, none of them breached such contracts by failing to protect TechTarget's business interests, including the protection of proprietary, confidential and trade secret information.

## Count III
### (Declaratory Judgment – Breach of Contract Related to M. Kelly's Separation Agreement )

28.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

29.     TechTarget has threatened to sue M. Kelly for violating a Separation Agreement entered into at the time of his termination for failing to protect TechTarget's business interests, including its proprietary, confidential and trade secret information.

30.     To the extent that M. Kelly is contractually bound by any Separation Agreement, he has not breached such agreement by failing to protect TechTarget's business interests, including its proprietary, confidential and trade secret information.

31.     A justiciable controversy exists between the parties with respect to the whether, if M. Kelly is contractually bound by any Separation Agreement, he breached such agreement by failing to protect TechTarget's business interests, including its proprietary, confidential and trade secret information.

32.     M. Kelly seeks a declaratory judgment pursuant to 28 U.S.C. §2201, and he asks this Court to determine that to the extent he is contractually bound by any Separation Agreement, he did not breach such agreement by failing to protect TechTarget's business interests, including its proprietary, confidential and trade secret information.

### Count IV
**(Declaratory Judgment – Breaches of Contract Related to Mr. LaPlante's and M. Kelly's Relationship Agreements, Code of Conduct and Insider Trading Policy Relative to Confidentiality and Non-Competition Agreements)**

33.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

34.     TechTarget has threatened to sue Mr. LaPlante and Mr. Kelly for alleged breaches of their Relationship Agreements, the TechTarget Code of Conduct and TechTarget's Insider Trading Policy by failing to fulfill their confidentiality and non-competition obligations thereunder.

35.     Mr. LaPlante and M. Kelly did not breach any contractual obligation they may have under their Relationship Agreements, the TechTarget Code of Conduct and TechTarget's Insider Trading Policy with respect to confidentiality and non-competition.

36.     A justiciable controversy exists between the parties with respect to the whether Mr. LaPlante and M. Kelly breached their Relationship Agreements, the TechTarget Code of Conduct and TechTarget's Insider Trading Policy with respect to confidentiality and non-competition.

37.     Mr. LaPlante and M. Kelly seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they did not breach their Relationship Agreements, the TechTarget Code of Conduct and TechTarget's Insider Trading Policy with respect to confidentiality and non-competition.

<u>**Count V**</u>
**(Declaratory Judgment – Breaches of Contract Related to S. Kelly's Relationship Agreements, Code of Conduct and Insider Trading Policy Relative to Confidentiality, Non-Hiring and Non-Solicitation Agreements)**

38.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

39.     TechTarget has threatened to sue S. Kelly for alleged breaches of his Relationship Agreements, the TechTarget Code of Conduct and TechTarget's Insider Trading Policy by failing to fulfill his confidentiality, non-hiring and non-solicitation obligations thereunder.

40.     S. Kelly did not breach any contractual obligation he may have under his Relationship Agreements, the TechTarget Code of Conduct and TechTarget's Insider Trading Policy with respect to confidentiality, non-hiring and non-solicitation.

41.     A justiciable controversy exists between the parties with respect to the whether S. Kelly breached his Relationship Agreements, the TechTarget Code of Conduct and TechTarget's Insider Trading Policy with respect to confidentiality, non-hiring and non-solicitation.

42.     S. Kelly seeks a declaratory judgment pursuant to 28 U.S.C. §2201, and he asks this Court to determine that he did not breach his Relationship Agreements, the TechTarget Code of Conduct and TechTarget's Insider Trading Policy with respect to confidentiality, non-hiring and non-solicitation.

## Count VI
## (Declaratory Judgment –Misappropriation of Proprietary, Confidential and Trade Secret Information)

43.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

44.     TechTarget has threatened to sue Plaintiffs for misappropriating, disclosing and/or using TechTarget's proprietary, confidential and trade secret information in violation of Massachusetts common law and M.G.L. c. 93, § 42 *et seq*.

45.     Plaintiffs have not misappropriated and/or used TechTarget's proprietary, confidential and trade secret information in violation of Massachusetts common law and M.G.L. c. 93, § 42 *et seq*.

46.     A justiciable controversy exists with respect to whether Plaintiffs have misappropriated and/or used TechTarget's proprietary, confidential and trade secret information in violation of Massachusetts common law and M.G.L. c. 93, § 42 *et seq*.

47.     Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they have not misappropriated and/or used TechTarget's proprietary,

confidential and trade secret information in violation of Massachusetts common law and M.G.L. c. 93, § 42 *et seq*.

## Count VII
### (Declaratory Judgment – Conversion)

48.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

49.     TechTarget has threatened to sue Plaintiffs for converting TechTarget's proprietary, confidential and trade secret information.

50.     Plaintiffs have not converted TechTarget's proprietary, confidential and trade secret information.

51.     A justiciable controversy exists with respect to whether Plaintiffs have converted TechTarget's proprietary, confidential and trade secret information.

52.     Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they have not converted TechTarget's proprietary, confidential and trade secret information.

## Count VIII
### (Declaratory Judgment – Breaches of Fiduciary Duty against Mr. LaPlante and M. Kelly)

53.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

54.     TechTarget has threatened to sue Mr. LaPlante and Mr. Kelly for various alleged breaches of fiduciary duty including the following: (a) the submission of false expense report information, and lying to management in connection with the investigation into such expenses; (b) planning to form a competing entity and/or planning to join a competing entity; (c) initiating efforts to undermine or otherwise compromise TechTarget business relationships with its

9

existing customers, including soliciting or trying to solicit business for Prelytix from TechTarget customers; and (d) misappropriating, disclosing, and/or using Techtarget's proprietary, confidential, and trade secret information while employed by TechTarget and thereafter.

55.     Mr. LaPlante and M. Kelly are not liable for breaching any fiduciary duty they may have had to TechTarget in connection with (a) the submission of false expense report information, and lying to management in connection with the investigation into such expenses; (b) planning to form a competing entity and/or planning to join a competing entity; (c) initiating efforts to undermine or otherwise compromise TechTarget business relationships with its existing customers, including soliciting or trying to solicit business for Prelytix from TechTarget customers; and (d) misappropriating, disclosing, and/or using Techtarget's proprietary, confidential, and trade secret information while employed by TechTarget and thereafter.

56.     A justiciable controversy exists between the parties with respect to the whether Mr. LaPlante and M. Kelly are liable for breach of fiduciary duty they may have had to TechTarget in connection with (a) the submission of false expense report information, and lying to management in connection with the investigation into such expenses; (b) planning to form a competing entity and/or planning to join a competing entity; (c) initiating efforts to undermine or otherwise compromise TechTarget business relationships with its existing customers, including soliciting or trying to solicit business for Prelytix from TechTarget customers; and (d) misappropriating, disclosing, and/or using Techtarget's proprietary, confidential, and trade secret information while employed by TechTarget and thereafter.

57.     Mr. LaPlante and M. Kelly seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they are not liable for breach of fiduciary duty they may have had to TechTarget, including the following: (a) the submission of false expense

10

report information, and lying to management in connection with the investigation into such

expenses; (b) planning to form a competing entity and/or planning to join a competing entity; (c)

initiating efforts to undermine or otherwise compromise TechTarget business relationships with

its existing customers, including soliciting or trying to solicit business for Prelytix from

TechTarget customers; and (d) misappropriating, disclosing, and/or using Techtarget's

proprietary, confidential, and trade secret information while employed by TechTarget and

thereafter.

### Count IX
**(Declaratory Judgment – Civil Conspiracy)**

58.     Plaintiffs repeat and incorporate herein by reference the allegations contained in

the prior paragraphs.

59.     TechTarget has threatened to sue Plaintiffs for engaging in an illegal conspiracy

to encourage and induce the Plaintiffs and others to violate their agreements with and duties to

TechTarget, including taking actions to improperly recruit and hire Ken Kruszeski, to improperly

obtain and use TechTarget's proprietary, confidential and trade secret information, and unfairly

and improperly compete against TechTarget, and to solicit and obtain TechTarget's valuable

customer accounts.

60.     Plaintiffs have not engaged in an illegal conspiracy to encourage and induce the

Plaintiffs and others to violate their agreements with and duties to TechTarget, including taking

actions to improperly recruit and hire  Ken Kruszeski, to improperly obtain and use TechTarget's

proprietary, confidential and trade secret information, and unfairly and improperly compete

against TechTarget, and to solicit and obtain TechTarget's valuable customer accounts.

61.     A justiciable controversy exists with respect to whether Plaintiffs have engaged in

an illegal conspiracy to encourage and induce the Plaintiffs and others to violate their agreements

with and duties to TechTarget, including taking actions to improperly recruit and hire Ken Kruszeski, to improperly obtain and use TechTarget's proprietary, confidential and trade secret information, and unfairly and improperly compete against TechTarget, and to solicit and obtain TechTarget's valuable customer accounts.

62.     Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they have not engaged in an illegal conspiracy to encourage and induce the Plaintiffs and others to violate their agreements with and duties to TechTarget, including taking actions to improperly recruit and hire Ken Kruszeski, to improperly obtain and use TechTarget's proprietary, confidential and trade secret information, and unfairly and improperly compete against TechTarget, and to solicit and obtain TechTarget's valuable customer accounts.

## Count X
### (Declaratory Judgment – Interference with Advantageous and/or Contractual Relations With TechTarget Customers)

63.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

64.     TechTarget has threatened to sue Plaintiffs for tortiously interfering with the advantageous business relationships and/or the existing contractual relationships between TechTarget and its existing and prospective customers.

65.     Plaintiffs did not tortiously interfere with any advantageous business relationships and/or the existing contractual relationships between TechTarget and its existing and prospective customers

66.     A justiciable controversy exists with respect to whether Plaintiffs have tortiously interfered with any advantageous business relationships and/or the existing contractual relationships between TechTarget and its existing and prospective customers.

67.     Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they have not tortiously interfered with any advantageous business relationships and/or the existing contractual relationships between TechTarget and its existing and prospective customers.

**Count XI**
**(Declaratory Judgment – Inducement of Breach of Contract)**

68.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

69.     TechTarget has threatened to sue Mr. LaPlante, M. Kelly and Prelytix for inducing and causing S. Kelly to breach of various contracts for the protection of TechTarget's business interests, including its proprietary, confidential and trade secret information.

70.     Prelytix, Mr. LaPlante and M. Kelly did not cause S. Kelly for the protection of TechTarget's business interests, including its proprietary, confidential and trade secret information

71.     A justiciable controversy exists with respect to whether Prelytix, Mr. LaPlante and M. Kelly caused S. Kelly to breach any contract for the protection of TechTarget's business interests, including its proprietary, confidential and trade secret information.

72.     Prelytix, Mr. LaPlante and M. Kelly seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they have not caused S. Kelly to breach any contract for the protection of TechTarget's business interests, including its proprietary, confidential and trade secret information.

**Count XII**
**(Declaratory Judgment – Interference with Advantageous and/or Contractual Relations**
**With TechTarget Employees)**

73.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

74.     TechTarget has threatened to sue Plaintiffs for using it proprietary, confidential and trade secret information to hire, solicit or encourage other employees to leave TechTarget.

75.     Plaintiffs did not use TechTarget's proprietary, confidential and trade secret information to hire, solicit or encourage other employees to leave TechTarget.

76.     A justiciable controversy exists with respect to whether Plaintiffs have used TechTarget's proprietary, confidential and trade secret information to hire, solicit or encourage other employees to leave TechTarget.

77.     Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they have not used TechTarget's proprietary, confidential and trade secret information to hire, solicit or encourage other employees to leave TechTarget.

**Count XIII**
**(Declaratory Judgment – False Advertising under 15 U.S.C, §§ 1114 and 1125)**

78.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

79.     TechTarget has threatened to sue Prelytix for advertising of PIE that is literally false, and even if not literally false, is nonetheless ambiguous and conveys misleading information to consumers likely to cause confusion or mistake in violation of 15 U.S.C. §§ 1114 and 1125.

80.     Prelytix did not engage in advertising of PIE that is literally false, ambiguous and/or that conveys misleading information to consumers likely to cause confusion or mistake in violation of 15 U.S.C. §§ 1114 and 1125.

81.     A justiciable controversy exists with respect to whether Prelytix has engaged in advertising of PIE that is literally false, ambiguous and/or that conveys misleading information to consumers likely to cause confusion or mistake in violation of 15 U.S.C. §§ 1114 and 1125.

82.     Prelytix seeks a declaratory judgment pursuant to 28 U.S.C. §2201, and it asks this Court to determine that it has not engaged in any advertising of PIE that is literally false, ambiguous and/or that conveys misleading information to consumers likely to cause confusion or mistake in violation of 15 U.S.C. §§ 1114 and 1125.

### Count XIV
### (Declaratory Judgment – Unjust Enrichment)

83.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

84.     TechTarget has threatened to sue Prelytix for unjustly benefitting and profitting from its use of TechTarget's proprietary, confidential and trade secret information, as well as by its false and misleading advertising and promotions, and other unfair, deceptive acts or practices in violation of M.G.L. c.93A, § 11.

85.     Prelytix did not unjustly benefit or profit any supposed use of TechTarget's proprietary, confidential and trade secret information, by any supposed false and misleading advertising and promotions, and/or by any supposed other unfair, deceptive acts or practices in violation of M.G.L. c.93A, § 11.

86.     A justiciable controversy exists with respect to whether Prelytix has unjustly benefited from the use of TechTarget's proprietary, confidential and trade secret information, as

well as by false and misleading advertising and promotions, and other unfair, deceptive acts or practices in violation of M.G.L. c.93A, § 11.

87.     Prelytix seeks a declaratory judgment pursuant to 28 U.S.C. §2201, and it asks this Court to determine that it has not unjustly benefitted from any supposed use of TechTarget's proprietary, confidential and trade secret information, by any supposed false and misleading advertising and promotions, and/or by any supposed other unfair, deceptive acts or practices in violation of M.G.L. c.93A, § 11.

### Count XV
### (Declaratory Judgment – M.G.L. c. 93A)

88.     Plaintiffs repeat and incorporate herein by reference the allegations contained in the prior paragraphs.

89.     TechTarget has threatened to sue Plaintiffs for engaging in deceptive and unfair acts and practices in violation of M.G.L. c. 93A for (a) misappropriating TechTarget's proprietary, confidential, and trade secret information and otherwise compromising its business reputation and goodwill; (b) tortiously interfering with TechTarget's contractual relationships with its current and former employee; (c) tortiously interfering with TechTarget's contractual and advantageous business relationships with its current and/or prospective customers; (d) utilizing misappropriated proprietary, confidential and trade secret information for purposes of targeting customers and prospective customers of TechTarget; (e) engaging in literally false and/or misleading advertising for purposes of targeting customers and prospective customers of TechTarget in violation of the Lanham Act; and (f) engaging in unfair deceptive acts or practices in violation of the Federal Trade Commission Act 15 U.S.C. §§ 4158,, and Sections 2 and 11 of M.G.L. c.93A.

90.     Plaintiffs did not engage in deceptive and unfair acts and practices in violation of M.G.L. c. 93A by (a) misappropriating TechTarget's proprietary, confidential, and trade secret information and otherwise compromising its business reputation and goodwill; (b) tortiously interfering with TechTarget's contractual relationships with its current and former employee; (c) tortiously interfering with TechTarget's contractual and advantageous business relationships with its current and/or prospective customers; (d) utilizing misappropriated proprietary, confidential and trade secret information for purposes of targeting customers and prospective customers of TechTarget; (e) engaging in literally false and/or misleading advertising for purposes of targeting customers and prospective customers of TechTarget in violation of the Lanham Act; and (f) engaging in unfair deceptive acts or practices in violation of the Federal Trade Commission Act 15 U.S.C. §§ 4158,, and Sections 2 and 11 of M.G.L. c.93A.

91.     A justiciable controversy exists with respect to whether Plaintiffs have engaged in deceptive and unfair acts and practices in violation of M.G.L. c. 93A by (a) misappropriating. TechTarget's proprietary, confidential, and trade secret information and otherwise compromising its business reputation and goodwill; (b) tortiously interfering with TechTarget's contractual relationships with its current and former employee; (c) tortiously interfering with TechTarget's contractual and advantageous business relationships with its current and/or prospective customers; (d) utilizing misappropriated proprietary, confidential and trade secret information for purposes of targeting customers and prospective customers of TechTarget; (e) engaging in literally false and/or misleading advertising for purposes of targeting customers and prospective customers of TechTarget in violation of the Lanham Act; and (f) engaging in unfair deceptive acts or practices in violation of the Federal Trade Commission Act 15 U.S.C. §§ 4158,, and Sections 2 and 11 of M.G.L. c.93A.

92.     Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. §2201, and they ask this Court to determine that they have not engaged in deceptive and unfair acts and practices in violation of M.G.L. c. 93A by (a) misappropriating. TechTarget's proprietary, confidential, and trade secret information and otherwise compromising its business reputation and goodwill; (b) tortiously interfering with TechTarget's contractual relationships with its current and former employee; (c) tortiously interfering with TechTarget's contractual and advantageous business relationships with its current and/or prospective customers; (d) utilizing misappropriated proprietary, confidential and trade secret information for purposes of targeting customers and prospective customers of TechTarget; (e) engaging in literally false and/or misleading advertising for purposes of targeting customers and prospective customers of TechTarget in violation of the Lanham Act; and (f) engaging in unfair deceptive acts or practices in violation of the Federal Trade Commission Act 15 U.S.C. §§ 4158.

WHEREFORE, Plaintiffs pray that this Court:

a.     Enter a judgment in their favor on all Counts of this Complaint;

b.     Issue declarations pursuant to 28 U.S.C. §2201 that:

   i.     Plaintiffs have not violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*.;

   ii.     To the extent that any of the individual Plaintiffs is contractually bound by any Employee Relationship Agreements, the TechTarget Code of Conduct, and/or the TechTarget Insider Trading Policy, none of them breached such contracts by failing to protect TechTarget's business interests, including the protection of proprietary, confidential and trade secret information;

   iii.     To the extent Michael Kelly is contractually bound by any Separation Agreement, he did not breach such agreement by failing to protect TechTarget's business interests, including its proprietary, confidential and trade secret information;

18

iv.   Marc LaPlante and Michael Kelly did not breach their Relationship
      Agreements, the TechTarget Code of Conduct and TechTarget's Insider
      Trading Policy with respect to confidentiality and non-competition;

v.    Scott Kelly did not breach his Relationship Agreements, the TechTarget
      Code of Conduct and TechTarget's Insider Trading Policy with respect to
      confidentiality, non-hiring and non-solicitation;

vi.   Plaintiffs have not misappropriated and/or used TechTarget's proprietary,
      confidential and trade secret information in violation of Massachusetts
      common law and M.G.L. c. 93, § 42 *et seq.*;

vii.  Plaintiffs have not converted TechTarget's proprietary, confidential and
      trade secret information;

viii. Marc LaPlante and Michael Kelly are not liable for breach of any
      fiduciary duty they may have had to TechTarget by: (a) the submission of
      false expense report information, and lying to management in connection
      with the investigation into such expenses; (b) planning to form a
      competing entity and/or planning to join a competing entity; (d) initiating
      efforts to undermine or otherwise compromise TechTarget business
      relationships with its existing customers, including soliciting or trying to
      solicit business for Prelytix from TechTarget customers; and (d)
      misappropriating, disclosing, and/or using Techtarget's proprietary,
      confidential, and trade secret information while employed by TechTarget
      and thereafter;

ix.   Plaintiffs have not engaged in an illegal conspiracy to encourage and
      induce the Plaintiffs and others to violate their agreements with and duties
      to TechTarget, including taking actions to improperly recruit and hire Ken
      Kruszeski, to improperly obtain and use TechTarget's proprietary,
      confidential and trade secret information, and unfairly and improperly
      compete against TechTarget, and to solicit and obtain TechTarget's
      valuable customer accounts;

x.    Plaintiffs have not tortiously interfered with any advantageous business
      relationships and/or the existing contractual relationships between
      TechTarget and its existing and prospective customers;

xi.   Prelytix, LLC, Marc LaPlante and Michael Kelly did not cause Scott Kelly
      to breach any contract for the protection of TechTarget's business
      interests, including its proprietary, confidential and trade secret
      information;

xii.  Plaintiffs have not used TechTarget's proprietary, confidential and trade
      secret information to hire, solicit or encourage other employees to leave
      TechTarget;

xiii. Prelytix, LLC has not engaged in any advertising of Project Indication Engine that is literally false, ambiguous and/or that conveys misleading information to consumers likely to cause confusion or mistake in violation of 15 U.S.C. §§ 1114 and 1125;

xiv. Prelytix, LLC has not unjustly benefitted from any supposed use of TechTarget's proprietary, confidential and trade secret information, by any supposed false and misleading advertising and promotions, and/or by any supposed other unfair, deceptive acts or practices in violation of M.G.L. c.93A, § 11;

xv. Plaintiffs have not engaged in deceptive and unfair acts and practices in violation of M.G.L. c. 93A by (a) misappropriating TechTarget's proprietary, confidential, and trade secret information and otherwise compromising its business reputation and goodwill; (b) tortiously interfering with TechTarget's contractual relationships with its current and former employee; (c) tortiously interfering with TechTarget's contractual and advantageous business relationships with its current and/or prospective customers; (d) utilizing misappropriated proprietary, confidential and trade secret information for purposes of targeting customers and prospective customers of TechTarget; (e) engaging in literally false and/or misleading advertising for purposes of targeting customers and prospective customers of TechTarget in violation of the Lanham Act; and (f) engaging in unfair deceptive acts or practices in violation of the Federal Trade Commission Act 15 U.S.C. §§ 4158;

c. Award Plaintiffs all of the costs, expenses and attorneys' fees they incur in connection with this matter; and

d. Award Plaintiffs such other and further relief that justice so requires.


[remainder of page intentionally left blank]

**Plaintiffs hereby demand a jury on all claims so triable.**

Respectfully submitted,

**PRELYTIX, LLC, MARC LAPLANTE, MICHAEL KELLY and SCOTT KELLY**,

By their Attorneys

/s/Andrea L. Martin
Shepard Davidson, Esq. (BBO #557082)
sdavidson@burnslev.com
Andrea L. Martin, Esq. (BBO#666117)
amartin@burnslev.com
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

Dated: July 16, 2013

21