# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

PRELYTIX, LLC., MARC LAPLANTE, )
MICHAEL KELLY, and SCOTT KELLY, )
    Plaintiffs, )
)
v. ) CIVIL ACTION NO. 1:13-cv-11699
)
TECHTARGET, INC. )
    Defendant. )

## TECHTARGET, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

The Defendant TechTarget, Inc. ("TechTarget") hereby answers Plaintiffs' Complaint as follows:

### INTRODUCTION

The first paragraph of Plaintiffs' Complaint is an introductory statement to which no response is required; however, if it is deemed to be allegations of fact or law, Defendant denies the allegations set forth in the introductory statement.

### PARTIES

1. The Defendant admits that its business consists in part of providing business to business lead generation to technology providers who are looking for qualified communities of buyers of their services, which it generates by offering editorial content, as well as active online communities, and then analyzing the data on who views such content and participates in such communities. Further responding, TechTarget states that it provides additional services to its clients as well as those described herein.

2. The Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

3. The Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

1790587.1

4. The Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

5. The Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Paragraph 6 sets forth a conclusion of law to which no response is required.

7. Paragraph 7 sets forth a conclusion of law to which no response is required.

## FACTUAL ALLEGATIONS

8. The Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. The Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10. The Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

11. The Defendant admits that S. Kelly is M. Kelly's older brother and that he was employed at TechTarget on two separate occasions. Further responding, the Defendant states that S. Kelly began at TechTarget on or about September 18, 2000 and ended on or about May 8, 2003. S. Kelly returned the company on or about April 24, 2008. During his employment with TechTarget, S. Kelly played a role in building and expanding TechTarget's publications, customer relationships, goodwill and contractual agreements.

12. The Defendant states that Mr. LaPlante was terminated for perpetrating expense reimbursement fraud. TechTarget admits the remaining allegations set forth in Paragraph 12 of the Complaint.

13. The Defendant states that M. Kelly's employment from TechTarget was terminated for poor performance on or about May 6, 2012. TechTarget denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. The Defendant admits that in or about November of 2012, Mr. LaPlante and M. Kelly formed Project Strategy Group, LLC, which later changed its name to Prelytix. The Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15. The Defendant admits that S. Kelly voluntarily resigned from his position as Associate Publisher of Networking and Security media outlets at TechTarget on or about January 4, 2013.

16. The Defendant admits that on or about March 20, 2013, Prelytix announced that it was going to be selling a new product called "Project Indication Engine" ("PIE"). The Defendant denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. The Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

## COUNT I
**(Declaratory Judgment—Violation of Computer Fraud and Abuse Act)**

18. The Defendant repeats and realleges the responses to paragraphs 1 through 17, above, and hereby incorporates them by reference.

19. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced.[1]

20. The Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as

---

[1] On or about August 16, 2013, Project Strategy Group, LLC, Prelytix, LLC, Marc LaPlante, Michael Kelly and Scott Kelly filed a Motion to Consolidate the two (2) actions pursuant to Fed. R. Civ. P. 42(a) and District of Massachusetts Local Rule 40.1(J). (See Document No. 14). TechTarget opposed Plaintiffs' Motion to Consolidate on August 23, 2013, and for the reasons stated in its opposition, this action should be consolidated into the action captioned TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which should control. (See Document No. 15). The Motion to Consolidate is currently pending before this Court.

asserted in its action against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

22. Paragraph 22 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT II

**(Declaratory Judgment—Breaches of Contract by the Individual Plaintiffs Related to TechTarget's Confidential, Proprietary and Trade Secret Information)**

23. The Defendant repeats and realleges the responses to paragraphs 1 through 22, above, and hereby incorporates them by reference.

24. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced.

25. The Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

26. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

27. Paragraph 27 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is

4

moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

### COUNT III

**(Declaratory Judgment—Breach of Contract Related to M. Kelly's Separation Agreement)**

28. The Defendant repeats and realleges the responses to paragraphs 1 through 27, above, and hereby incorporates them by reference.

29. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced.

30. The Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

32. Paragraph 32 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT IV

**(Declaratory Judgment—Breached of Contract Related to Mr. LaPlante's and M. Kelly's Relationship Agreements, Code of Conduct and Insider Trading Policy Relative to Confidentiality and Non-Competition Agreements)**

33. The Defendant repeats and realleges the responses to paragraphs 1 through 32, above, and hereby incorporates them by reference.

34. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced.

35. The Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

37. Paragraph 37 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT V

**(Declaratory Judgment—Breached of Contract Related to S. Kelly's Relationship Agreements, Code of Conduct and Insider Trading Policy Relative to Confidentiality and Non-Competition Agreements)**

38. The Defendant repeats and realleges the responses to paragraphs 1 through 37, above, and hereby incorporates them by reference.

1790587.1 102167/3

39. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced.

40. The Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

42. Paragraph 42 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT VI

### (Declaratory Judgment—Misappropriation of Proprietary, Confidential and Trade Secret Information)

43. The Defendant repeats and realleges the responses to paragraphs 1 through 42, above, and hereby incorporates them by reference.

44. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced.

45. The Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

1790587.1 102167/3

46.     The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

47.     Paragraph 47 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT VII

### (Declaratory Judgment—Conversion)

48.     The Defendant repeats and realleges the responses to paragraphs 1 through 47, above, and hereby incorporates them by reference.

49.     The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced.

50.     The Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51.     The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

52. Paragraph 52 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT VIII

**(Declaratory Judgment—Breaches of Fiduciary Duty against Mr. LaPlante and M. Kelly)**

53. The Defendant repeats and realleges the responses to paragraphs 1 through 52, above, and hereby incorporates them by reference.

54. The Defendant admits that it filed an action including, but not limited to, the stated claims against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced.

55. The Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

57. Paragraph 57 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of

9

Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT IX

### (Declaratory Judgment—Civil Conspiracy)

58. The Defendant repeats and realleges the responses to paragraphs 1 through 57, above, and hereby incorporates them by reference.

59. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced.

60. The Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

62. Paragraph 62 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT X

**(Declaratory Judgment—Interference with Advantageous and/or Contractual Relations With TechTarget Customers)**

63. The Defendant repeats and realleges the responses to paragraphs 1 through 62, above, and hereby incorporates them by reference.

64. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced.

65. The Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

67. Paragraph 67 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT XI

**(Declaratory Judgment—Inducement of Breach of Contract)**

68. The Defendant repeats and realleges the responses to paragraphs 1 through 67, above, and hereby incorporates them by reference.

69.     The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced.

70.     The Defendant states that Plaintiffs did induce and cause S. Kelly to breach contracts with TechTarget, and otherwise denies the remaining allegations set forth in Paragraph 70 of the Complaint.

71.     The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

72.     Paragraph 72 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT XII

**(Declaratory Judgment—Interference with Advantageous and/or Contractual Relations With TechTarget Employees)**

73.     The Defendant repeats and realleges the responses to paragraphs 1 through 72, above, and hereby incorporates them by reference.

74.     The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced.

75. The Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

77. Paragraph 77 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## **COUNT XIII**

**(Declaratory Judgment—False Advertising Under 15 U.S.C. §§ 1114 and 1125)**

78. The Defendant repeats and realleges the responses to paragraphs 1 through 77, above, and hereby incorporates them by reference.

79. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced.

80. The Defendant denies the allegations set forth in Paragraph 80 of the Complaint.

81. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget</u>

13

v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

82. Paragraph 82 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT XIV

### (Declaratory Judgment—Unjust Enrichment)

83. The Defendant repeats and realleges the responses to paragraphs 1 through 82, above, and hereby incorporates them by reference.

84. The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced.

85. The Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

86. The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

87. Paragraph 87 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of

14

Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## COUNT XV

### (Declaratory Judgment—M.G.L. c. 93A)

88.     The Defendant repeats and realleges the responses to paragraphs 1 through 87, above, and hereby incorporates them by reference.

89.     The Defendant admits that it filed an action including the stated claims against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced.

90.     The Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

91.     The Defendant denies that a mere justiciable controversy exists between the parties. Further responding, the Defendant states that there is already an actual controversy as asserted in its action against the Plaintiffs with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, which was filed the same day that this action was commenced.

92.     Paragraph 92 sets forth a conclusion of law to which no response is required. Further responding, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled <u>TechTarget v. Project Strategy Group, LLC, et al.</u>, No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control, and denies the allegations in Plaintiffs' *ad damnum* clauses (a) and (b)(i)-(xv), (c) and (d).

## FIRST AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that the Complaint fails to state a claim against the Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that the conduct the Complaint alleges on the part of the Defendant, even if not patently false, was not wrongful.

## THIRD AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states Plaintiffs have suffered no damages and are not entitled to attorneys' fees, costs or expenses as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that to the extent Plaintiffs have suffered any damages, Plaintiffs have failed to mitigate those damages.

## FIFTH AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that to the extent Plaintiffs have suffered any damages, they are attributable in whole or in part to Plaintiffs' own negligent and/or intentional misconduct.

## SIXTH AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that Plaintiffs are estopped by their own conduct from bringing their claims.

## SEVENTH AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that Plaintiffs have waived their claims.

1790587.1 102167/3

## EIGHTH AFFRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that Plaintiffs' claims are barred from recovery by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that Plaintiffs' claims are barred by their own breaches of contract.

## TENTH AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that Plaintiffs' claims are barred because Plaintiffs are unable to establish the requisite causation between any alleged conduct by Defendants and any alleged damages to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that Plaintiffs' claims are barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

By way of Affirmative Defense, the Defendant states that Plaintiff's declaratory judgment action is moot on account of Defendant's pending action against the Plaintiffs filed with the District of Massachusetts entitled TechTarget v. Project Strategy Group, LLC, et al., No. 1:13-cv-11079-NMG, the same day that this action was commenced and should control.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to add such other and further defenses as become apparent during discovery and also reserve the right to file a motion to dismiss on any of the above grounds.

**WHEREFORE**, the Defendant demands that the Plaintiffs' Complaint be dismissed, and that Judgment thereon be entered in favor of the Defendant, together with costs.

Respectfully submitted,
TECHTARGET, INC.
By its attorney:

/s/ *William S. Rogers, Jr.*
William S. Rogers, Jr. (BBO# 549487)
wsrogers@princelobel.com
Julie A. Brennan, Esq. (BBO #676497)
jbrennan@princelobel.com
PRINCE LOBEL TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
Tel: (617) 456-8112
Fax: (617) 456-8100

Dated: September 27, 2013

## CERTIFICATE OF SERVICE

I, William S. Rogers, Jr. certify that a true and accurate copy of the foregoing document was filed through the Court's ECF system this 27th day of September 2013.

/s/ *William S. Rogers, Jr.*
William S. Rogers, Jr.

1790587.1 102167/3